**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RYNE SHETTERLY, derivatively on behalf of DOCGO INC., | |
| Plaintiff, | Civil Action No.: 1:24-cv-04155 |
| v. | |
| LEE BIENSTOCK, MICHAEL BURDIEK, ANTHONY CAPONE, STEVEN KATZ, VINA LEITE, ANDRE OBERHOLZER, NORMAN ROSENBERG, IRA SMEDRA, ELY D. TENDLER, JAMES M. TRAVERS, and STAN VASHOVSKY, | **PLAINTIFF'S MOTION FOR TRANSFER OF VENUE** |
| Defendants, | |
| -and- | |
| DOCGO INC., | |
| Nominal Defendant. | |

## INTRODUCTION

Plaintiff Ryne Shetterly, by and through undersigned counsel, hereby moves this Court for an order transferring this action to the United States District Court for the District of Delaware. In support of this Motion, Plaintiff states as follows:

## BACKGROUND

On May 30, 2024, Plaintiff filed this shareholder derivative action on behalf of Nominal Defendant DocGo Inc. ("DocGo" or the "Company") against the Individual Defendants[1]—certain current and former officers and/or directors of DocGo—for breaches of fiduciary duty, violations

---

[1] As defined in the complaint in this action, the Individual Defendants are Lee Bienstock, Michael Burdiek, Anthony Capone, Steven Katz, Vina Leite, Andre Oberholzer, Norman Rosenberg, Ira Smedra, Ely D. Tendler, James M. Travers, and Stan Vashovsky.

of Sections 10(b) and 21(D) of the Securities Exchange Act of 1934 (the "Exchange Act"), violations of Section 14(a) of the Exchange Act, unjust enrichment, waste of corporate assets, aiding and abetting, insider selling, and misappropriation of information (the "Derivative Action").

Initially, there were compelling reasons to file this Derivative Action in this District. First, the allegations directly relate to DocGo's business and operations which occurred in the Company's principal place of business located in this District. Second, the allegations in the Derivative Action concern, among other things, a no-bid $432 million contract awarded by New York City to DocGo for the relocation of several thousand international migrants and asylum seekers outside of New York City. Third, the related securities class action *Naclerio v. DocGo Inc. et al.*, No. 1:23-cv-09476 is pending in this District and arises from the same facts and circumstances.

Nonetheless, Plaintiff hereby requests that this Derivative Action be transferred to the District Court of Delaware in accordance with 28 U.S.C. § 1406(a).

## **ARGUMENT**

Pursuant to 28 U.S.C. § 1406(a), the Court may "in the interest of justice, transfer [this] case to any district or division in which it could have been brought." Plaintiff respectfully asserts that the following facts establish that this case could have been brought in the District of Delaware, the place of DocGo's incorporation, and show that the transfer of this case to that district would be in the interest of justice.

1. At all relevant times, DocGo has been a Delaware corporation.

2. As a Delaware corporation, DocGo's Certificate of Incorporation constitutes a binding contract with its shareholders.

3. DocGo's Second Amended and Restated Certificate of Incorporation contains a mandatory forum selection clause, which provides that "the sole and exclusive forum for any

2

complaint asserting any internal corporate claims . . . , to the fullest extent permitted by law, and subject to applicable jurisdictional requirements, shall be the Court of Chancery of the State of Delaware (or, if the Court of Chancery does not have, or declines to accept, jurisdiction, another state court or a federal court located within the State of Delaware)."

4. Counsel for DocGo has informed Plaintiff's counsel that the Company is unwilling to waive the enforcement of this provision.

5. The claims in the Derivative Action involve fundamental principles of Delaware corporate law, and Delaware courts have consistently recognized the state's substantial interest in overseeing fiduciary duty matters related to Delaware corporations. *See Armstrong v. Pomerance,* 423 A.2d 174, 177 (Del. 1980); *Sternberg v. O'Neil*, 550 A.2d 1105, 1124 (Del. 1988); *Ryan v. Gifford*, 918 A.2d 341, 349 (Del. Ch. 2007)).

Given these considerations,[2] Plaintiff respectfully requests that the Court transfer this Derivative Action to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 1406(a).

| Dated: August 15, 2024 | Respectfully submitted, |
|---|---|
| | */s/ J. Brandon Walker* |
| | J. Brandon Walker  (# JW0506) |
| | Melissa A. Fortunato (#MF0214) |
| | Gabriela A. Cardé (#5763156) |
| | BRAGAR EAGEL & SQUIRE, P.C. |
| | 810 7th Avenue, Suite 620 |
| | New York, New York 10019 |
| | Tel: (212) 308-5858 |
| | Fax: (212) 214-0506 |
| | Email: walker@bespc.com |
| | fortunato@bespc.com |
| | carde@bespc.com |

---

[2] Plaintiff's counsel has conferred with Defendants' counsel regarding this motion, and Defendants do not oppose it.

Badge Humphries (*pro hac vice forthcoming*)
BRAGAR EAGEL & SQUIRE, P.C.
2113 Middle Street, Suite 305
Sullivan's Island, SC 29482
Tel: (843) 883-7424
Email: humphries@bespc.com

*Attorneys for Plaintiff Ryne Shetterly*